Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

RECEIVED IN C......
U.S.D.C. Atlanta

DEC 3 1 2020

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

# UNITED STATES DISTRICT COURT

for the

## Northern District of Gerogia

### Atlanta  Division

Case No. **1:20-CV-5262**

*(to be filled in by the Clerk's Office)*

|  |  |
|---|---|
| BOBBY WALKR | ) |
| *Plaintiff(s)* | ) |
| *(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* | ) ) ) ) |
| -v- | ) ) ) |
| | ) |
| NORFOLK SOUTHERN RAILWAY COMPANY | ) |
| *Defendant(s)* | ) |
| *(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* | ) ) ) ) |

Jury Trial: *(check one)*  ☒ Yes  ☐ No

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

### I.   The Parties to This Complaint

**A.   The Plaintiff(s)**

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Bobby Walker |
| Street Address | 22 Phillips St. |
| City and County | Newnan, Coweta |
| State and Zip Code | Georgia 30263 |
| Telephone Number | 404 606 7146 |
| E-mail Address | Hardwork4000@aol.com |

**B.   The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Defendant No. 1

    Name                                 Norfolk Southern Railway Company

    Job or Title *(if known)*

    Street Address                       1200 Peachtreee St. NE.

    City and County                   Atlanta, Fulton

    State and Zip Code              Georgia, 30309

    Telephone Number              202 675 8209

    E-mail Address *(if known)*      David. Kritz@nscorp.com

Defendant No. 2

    Name

    Job or Title *(if known)*

    Street Address

    City and County

    State and Zip Code

    Telephone Number

    E-mail Address *(if known)*

Defendant No. 3

    Name

    Job or Title *(if known)*

    Street Address

    City and County

    State and Zip Code

    Telephone Number

    E-mail Address *(if known)*

Defendant No. 4

    Name

    Job or Title *(if known)*

    Street Address

    City and County

    State and Zip Code

    Telephone Number

    E-mail Address *(if known)*

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

## C.     Place of Employment

The address at which I sought employment or was employed by the defendant(s) is

| | |
|---|---|
| Name | Norfolk Southern Railway Company |
| Street Address | 116 Industrail Blvd |
| City and County | Gainsville, Hall |
| State and Zip Code | Georgia, 30501 |
| Telephone Number | 404 897 3054 |

## II.     Basis for Jurisdiction

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

☐     Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

*(Note:  In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐     Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

*(Note:  In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

☐     Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

*(Note:  In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☒     Other federal law *(specify the federal law)*:

Civil Rights Act of 1866  ( Section 1981 )

☐     Relevant state law *(specify, if known)*:

☐     Relevant city or county law *(specify, if known)*:

**III.     Statement of Claim**

Write a short and plain statement of the claim.  Do not make legal arguments.  State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought.  State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct.  If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph.  Attach additional pages if needed.

**\*PLEASE SEE ATTACHMENT III**

A.     The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

☐     Failure to hire me.

☒     Termination of my employment.

☐     Failure to promote me.

☐     Failure to accommodate my disability.

☒     Unequal terms and conditions of my employment.

☐     Retaliation.

☐     Other acts *(specify):* _____

*(Note:  Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)*

B.     It is my best recollection that the alleged discriminatory acts occurred on date(s)

July 31, 2018

C.     I believe that defendant(s) *(check one)*:

☐     is/are still committing these acts against me.

☒     is/are not still committing these acts against me.

D.     Defendant(s) discriminated against me based on my *(check all that apply and explain)*:

☒     race          I was treated different because I am African American

☒     color         I was treated different because the color of my skin

☐                    _____

☐                    _____

☐                    _____

☐     age *(year of birth)* _____    *(only when asserting a claim of age discrimination.)*

☐     disability or perceived disability *(specify disability)*

_____

E.     The facts of my case are as follows.  Attach additional pages if needed.

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

**\*PLEASE SEE ATTACHMENT E**

*(Note:  As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)*

## IV.   Exhaustion of Federal Administrative Remedies

A.      It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on *(date)*

Not applicable under 42 U.S.C Section 1981

B.      The Equal Employment Opportunity Commission *(check one)*:

☐      has not issued a Notice of Right to Sue letter.

☐      issued a Notice of Right to Sue letter, which I received on *(date)* _____ .

*(Note:  Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)*

C.      Only litigants alleging age discrimination must answer this question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct *(check one)*:

☐      60 days or more have elapsed.

☐      less than 60 days have elapsed.

## V.   Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order.  Do not make legal arguments.  Include any basis for claiming that the wrongs alleged are continuing at the present time.  Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts.  Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.  **\*PLEASE SEE ATTACHMENT  V**

Punitive, Actual and Compensatory damages in an amount to be determined by the jury, Cost of litigation and any other relief the Court deems just and proper.

## VI.   Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.   For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:        12/30/2020

Signature of Plaintiff

Printed Name of Plaintiff      BOBBY WALKER

### B.   For Attorneys

Date of signing:

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Street Address

State and Zip Code

Telephone Number

E-mail Address

## **ATTACHMENT III**

## **STATEMENT OF CLAIM**

Plaintiff was employed by Defendant as a Conductor from May 2010, until his termination on July 31, 2018. Plaintiff is African American. Defendant was aware of Plaintiff's race. On June 26, 2018, Plaintiff was assigned to work with Engineer Mr. Justin Herren on Train 118GP25 from Atlanta, Georgia to Greenville, South Carolina. Mr. Herren is Caucasian. Defendant was aware of Mr. Herren's race. Plaintiff and Mr. Herren picked up a High and Wide load in Doraville, which restricted train speeds to 45 mph. Plaintiff and Mr. Herren discussed the pick-up and speed restrictions. As the train was closing in on Greenville, it began to exceed the maximum speed limit. Upon information and belief, Mr. Herren did not input the speed limit into the system as discussed in the job briefing. Once Plaintiff noticed the speed was increasing, he attempted to inform Mr. Herren. Mr. Herren did not respond. Plaintiff did not have enough time to initiate the emergency brake application before Positive Train Control ("PTC") took over and brought the train to a halt. Mr. Herren and Plaintiff were given mandatory urinalysis. Plaintiff was removed from service pending a formal investigation. Plaintiff's Conductor certificate was revoked by Defendant for a period of one month, beginning June 27, 2018 and ending July 26, 2018.

Following the June incident, both Plaintiff and Mr. Herren had a hearing before Norfolk Southern, on or about July 24, 2018. Mr. Herren had two (2) hearings that day. The other one was for attendance. Contrary to Defendants policy, the drug tests taken from Plaintiff and Mr. Herren were not considered or discussed as evidence during Plaintiff's hearing. At the conclusion of the hearing, Plaintiff was not reinstated. Plaintiff was terminated by Defendant by letter dated July 31, 2018.

On or around November 13, 2018 Plaintiff was notified by a Mr. Willie Thomas that Mr. Herren had tested positive on his drug test taken on June 26, 2018. After the conversation with Mr. Thomas Plaintiff contacted Mr. Herren via telephone call as to the positive drug test and Mr. Herren responded that he had tested positive on June 26, 2018 and he had been offered to enroll in a drug rehabilitation program provided by the Defendant. Mr. Herren further stated that he had not been interested in participating in the drug rehabilitation program and had instead resigned as an Engineer from employment with the Defendant in lieu of suspension or termination. Mr. Herren then followed up the telephone conversation with a text message to Plaintiff acknowledging that he had resigned from employment with the Defendant and apologized for the way everything had happened. (See exhibit A)

After speaking to Mr. Herren, Plaintiff contacted his local chairman, Tommy Costal, notifying him of the positive drug test. Plaintiff was later told by Mr. Costal that he had requested a copy of Mr. Herren's drug test result and was notified by Defendant that Defendant "respectfully declined".

On or about November 12, 2019, Plaintiff appeared before Public Law Board 7573 for consideration of an appeal of the initial hearing on the basis of a collective bargaining agreement. The Board consisted of eight (8) members, seven (7) male Caucasian's and one (1) female African American. However, the one (1) female African American board member wasn't allowed to sit in on the hearing. Mr. Herren did not appear. Plaintiff's suspension and termination were upheld.

The discipline taken against Plaintiff differed from disciplinary action taken against Mr. Herren. Mr. Herren was not terminated for speeding when controlling the speed of the train is one of the Engineers primary duties. Mr. Herren was allotted the opportunity to retain his employment by agreeing to participate in a drug rehabilitation program.

Plaintiff is aware of other Caucasian Engineers and Conductors who received the same or similar violation as Plaintiff yet have not been terminated from their employment.

In conclusion, Plaintiff was treated differently than his Caucasian engineer thereby violating his civil rights.

## ATTACHMENT E

## FACTUAL ALLEGATIONS

1.    Plaintiff was employed by Defendant from May 2010, until his termination on July 31, 2018.

2.    During all time periods relevant to this Complaint, Plaintiff was employed by Defendant as a Conductor.

3.    Plaintiff is African American.

4.    During all time periods relevant to this Complaint, Defendant was aware of Plaintiff's race.

5.    On June 26, 2018, Plaintiff was assigned to work with Engineer Justin Herren on Train 118GP25 from Atlanta, Georgia to Greenville, South Carolina.

6.    Mr. Herren is Caucasian.

7.    During all time periods relevant to this Complaint, Defendant was aware of Mr. Herren's race.

8.    Plaintiff and Mr. Herren picked up a High and Wide load in Doraville, which restricted train speeds to 45 mph.

9.    Plaintiff and Mr. Herren discussed the pick-up and speed restrictions and proceeded to Greenville.

10. As the train was closing in on Greenville, it began to exceed the maximum speed limit.

11. Upon information and belief, Mr. Herren did not input the speed limit into the system as discussed in the job briefings, which included a discussion of the addition of the High and Wide car.

12. Once Plaintiff noticed the speed was increasing, he attempted to inform Mr. Herren.

13. Mr. Herren did not respond as, upon information and belief, Mr. Herren had fallen asleep in the cab.

14. Plaintiff did not have enough time to initiate the emergency brake application before Positive Train Control ("PTC") took over and brought the train to a halt.

15. When the train arrived at the depot, Mr. Herren and Plaintiff were given mandatory urinalysis.

16. Plaintiff was removed from service pending a formal investigation.

17. Plaintiff's Conductor certificate was revoked by Defendant for a period of one, month, beginning June 27,2018 and ending July 26, 2018.

18. Following the June incident, both Plaintiff and Mr. Herren had a hearing before Norfolk Southern, on or about July 24, 2018.  Mr. Herren had two (2) hearings that day, one (1) for attendance and the other for speeding.

19.   Mr. Herren's drug test was Positive, Plaintiff's drug test was Negative.

20.   Contrary to Defendant's policy, the drug tests taken from Plaintiff and Mr. Herren were not considered or discussed as evidence during Plaintiff's hearing.

21.   The incident occurred in large part to Mr. Herren's admittedly impaired condition.

22.   Plaintiff was terminated by Defendant by letter dated July 31, 2018.

23.   Mr. Herren was offered to attend drug rehabilitation.

24.   Mr. Herren refused drug rehabilitation and was allowed to resign in lieu of suspension or termination. (See Exhibit A)

25.   On or about, November 12, 2019, Plaintiff appeared before Public Law Board 7573 for consideration of an appeal of the initial hearing, on the basis of a collective bargaining agreement.

26.   After Plaintiff's appeal was considered by the eight (8) member Board, seven (7) of whom were male Caucasians, one (1) who was a female African American.  The African American was not allowed to sit in on the hearing.  Plaintiff's termination was upheld.

27.   The discipline taken against Plaintiff differed from disciplinary actions taken against Caucasian Engineers and Conductors under similar circumstances.

28.   Mr. Herren should have been terminated pursuant to company policy.

29.   Plaintiff is aware of other Caucasian Engineers and Conductors who

received the same or similar violations as Plaintiff yet have not been

terminated.

# ATTACHMENT V

# CLAIMS FOR RELIEF

1. Plaintiff is a member of a protected class by virtue of his race.

    a. Plaintiff is African American.

2. Plaintiff suffered the adverse action of suspension.

    a. Plaintiff was removed from service pending a formal investigation.

    b. Plaintiff Conductor certificate was revoked by defendant for a period of one month, beginning June 27, 2018 and ending July 26, 2018.

3. Plaintiff suffered the action of termination.

    a. At the conclusion of the hearing, Plaintiff was not reinstated.

    b. Plaintiff was terminated by Defendant by letter dated July 31, 2018

4. The treatment of similarly-situated Caucasian employees of Defendant, versus that of Plaintiff, provides evidence of discriminatory animus.

    a. The discipline taken against Plaintiff differed from disciplinary actions taken against Caucasian Engineer and Conductors under similar circumstances.

    b. The Caucasian Engineer working with Plaintiff tested positive for drugs on the date of the incident yet was allowed to resign.

    c. Mr. Herren should have been terminated pursuant to the company

policy.

    d. Plaintiff is aware of other Caucasian Engineers and Conductors who received the same or similar violations as Plaintiff yet have not been terminated from their employment.

5. Defendant has no legitimate reason for Plaintiff's suspension.

6. Defendant has no legitimate reason for Plaintiff's termination.

# **PRAYER FOR RELIEF**

    Plaintiff prays that this Honorable Court grant the following relief:

A. Trial by jury:

B. Declaratory relief:

C. Actual and compensatory damages in an amount to be determined by the enlightened conscience of a jury:

D. Punitive damages:

E. Cost of litigation and any other relief the Court deems just and proper.

# EXHIBIT A



**Justin Herren**
Mobile

11/13/18 1:27 PM

Hey Bobby, hope you and your family are doing good. I just wanted to let you know I resigned from NS. Maybe it will help you get back to work quicker or at least i hope it helps your case in some way. Stay in touch Bobby and let me know how things go. Im sorry everything happened that way.

11/13/18 4:33 PM

Hey brotha, we doing ok. I'm sorry to hear you resigned,  I think you are great Engineer/ person !!!

Type a message...